**Opinion filed February 4, 2010**



In The

# Eleventh Court of Appeals

---

## No. 11-09-00330-CR

---

## JACOB A. JONES, Appellant

## V.

## STATE OF TEXAS, Appellee

---

**On Appeal from the 42nd District Court**

**Callahan County, Texas**

**Trial Court Cause No. 6710**

---

### M E M O R A N D U M   O P I N I O N

The jury convicted Jacob A. Jones of retaliation, found the enhancement allegation to be true, and assessed his punishment at confinement for seventeen years. We dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has been filed. Court-appointed counsel has complied with the

requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his response, appellant contends that the videotape made by Clyde Police Officer Eric Shane Howard and introduced as State's Exhibit No. 1 had been tampered with or altered. He also challenges evidence admitted at the punishment phase. He contends that the recording of a telephone conversation he made while confined in 2008 in which he threatened to beat a woman once he was released from jail was not admissible. He also appears to challenge the evidence of the offense alleged in the enhancement paragraph of the indictment.

The Texas Court of Criminal Appeals stated in *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to review appellant's pro se claims and examine the record in order to determine whether the record reflects no reversible error and the appeal should be dismissed or whether arguable grounds exist and new counsel should be appointed. We have complied with the requirements in *Bledsoe* and have found no reversible error.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

February 4, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.